IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Theresa Dultmeyer, | Case No. 3:12 CV 2941 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Commissioner of Social Security, | |
| Defendant. | |

### INTRODUCTION

Plaintiff Theresa Dultmeyer timely filed a Complaint (Doc. 1) against the Commissioner of Social Security, seeking judicial review of the Commissioner's decision to deny supplemental social security income ("SSI") and disability insurance benefits ("DIB"). This Court has jurisdiction under 42 U.S.C. § 405(g).

This case was referred to Magistrate Judge Burke for a Report and Recommendation ("R&R") pursuant to Local Rule 72.2(b)(2). Following briefing (Docs. 17, 18, & 19), the Magistrate Judge recommended this Court affirm the final decision of the Commissioner denying Plaintiff's claim for SSI and DIB (Doc. 21).

This matter is now before this Court on Plaintiff's Objection to the R&R (Doc. 22) and Defendant's Response (Doc. 23). Pursuant to *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate

Judge's findings. For the reasons below, this Court adopts the recommendation to deny the claim for benefits.

## BACKGROUND

The R&R accurately recites the relevant factual and procedural background from the record, and this Court adopts them in their entirety (Doc. 21 at 1–8). Briefly, Plaintiff is now 52 years old. She previously worked as an assembly worker and for a short time in a restaurant kitchen (*id.* at 2). She is a high school graduate (*id.*). Plaintiff claims SSI and DIB on the basis of degenerative disc disease and major depression.

## STANDARD OF REVIEW

In reviewing a denial of SSI or DIB, this Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g)). Judicial review is limited to "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (quoting 42 U.S.C. § 405(g)). Even if substantial evidence, or indeed a preponderance of the evidence, supports a claimant's position, the court cannot overturn the Commissioner's decision "so long as substantial evidence also supports the conclusion

reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). However, procedural errors can be a basis for overturning the decision of the Commissioner, even if that decision is supported by substantial evidence. *See Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## DISCUSSION

The Government is not far off the mark in describing Plaintiff's Objection as mostly a "rehash of the arguments that she made in the opening and reply briefs that she filed [on the merits] in this action" (Doc. 23 at 1). Plaintiff also engages in an extended discussion of "facts in dispute" in the R&R (Doc. 22 at 1–6), apparently misunderstanding that the Magistrate Judge's review of the factual basis for the Commissioner's decision simply asks whether there exists substantial evidence to support the ALJ's findings.

This Court is left with three primary arguments. First, Plaintiff criticizes the ALJ's decision to treat Plaintiff as a "younger individual," even though at the time of the ALJ's decision Plaintiff was one month shy of her fiftieth birthday, an age at which a claimant is categorized as "closely approaching advanced age." 20 C.F.R. § 404.1563. Second, Plaintiff revives criticisms of the ALJ's residual functional capacity ("RFC") analysis. Third, Plaintiff argues the ALJ improperly discounted the medical opinions of certain treating physicians.

The R&R discusses in detail why the ALJ properly could have declined to place Plaintiff into the next age category without further discussion, even though Plaintiff's case presented a so-called "borderline case" (Doc. 21 at 12–17). "[N]othing in [§ 404.1563] obligates an ALJ to address a claimant's borderline age situation in his opinion or explain his thought process in arriving at a particular age-category determination. Rather, the regulation merely promises claimants that the

3

Administration will 'consider' veering from the chronological-age default in borderline situations." *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 399 (6th Cir. 2008). The ALJ did not credit Plaintiff's alleged additional vocational limitations. Thus, whether those additional vocational limitations, if credited, would require the ALJ to specifically discuss placing Plaintiff in the "closely approaching advanced age" is irrelevant.

Plaintiff next argues the ALJ posed to the Vocational Expert ("VE") a hypothetical that failed to "accurately portray [Plaintiff's] physical and mental impairments," such that the VE's response to that hypothetical cannot be substantial evidence of Plaintiff's ability to perform other work. *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010). Plaintiff again argues certain non-exertional limitations were overlooked by the ALJ. But as the R&R explains, the ALJ simply did not credit these additional limitations (Doc. 21 at 17–21). The R&R also correctly concludes that in finding Plaintiff had moderate difficulties with respect to "concentration, persistence, or pace" -- a disjunctive category, the phrasing of which derives from the regulations themselves -- the ALJ discussed only Plaintiff's concentration-related difficulties. The ALJ incorporated that limitation into her hypothetical by asking the VE to assume simple, routine work. Unlike in *Ealy*, 594 F.3d at 504 & n.4, the ALJ did not find Plaintiff to be moderately limited with respect to persistence or pace.

Finally, Plaintiff argues the ALJ violated the treating physician rule by failing to discuss Dr. Haley's "Mental Status Questionnaire," in which Dr. Haley opined Plaintiff was not then employable because Plaintiff would likely encounter attendance issues at a full-time job (AR at 302–03). But the ALJ did reference records from the Zepf Community Mental Health Center ("Zepf Center"), where Dr. Haley practices, including Dr. Haley's notes (*id.* at 23).

4

The ALJ's failure to specifically discuss Dr. Haley's Mental Health Questionnaire, or to specifically apply certain factors -- which the regulation terms "good reasons" -- to explain the weight accorded Dr. Haley's analysis on this point, is harmless error (if error at all). The treating physician rule ensures an ALJ gives "good reasons" for according a treating physician's opinion less than controlling weight. 20 C.F.R. § 404.1527(c)(2). "Good reasons" include the ALJ's examination of the "nature and extent of the treatment relationship" and "supportability," according to which the "more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight [the Commissioner] will give that opinion." 20 C.F.R. § 404.1527(c)(2)(i) and (ii), (c)(3). The "good reasons" rule is a "clear procedural requirement," ordinarily requiring remand even if the Commissioner's disability decision otherwise could be supported by substantial evidence. This Circuit generally rejects a no-harm, no-foul rule that would "afford the Commissioner the ability the violate the regulation with impunity and render the protections promised [by the good reasons rule] illusory." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004).

Thus, where an ALJ fails to give good reasons on the record for according less than controlling weight to a treating physician, a court must reverse and remand "unless the error is a harmless *de minimis* procedural violation." *Blakely*, 581 F.3d at 409 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d at 547). Failure to give good reasons under the treating physician rule can be deemed harmless error if: "(1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; (2) if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or (3) where the Commissioner has met the goal of § 1527(d)(2) . . . even

5

though she has not complied with the terms of the regulation." *Cole v. Astrue*, 661 F.3d 931, 940 (6th Cir. 2011) (internal citations and quotation marks omitted) (ellipsis in original).

The Magistrate Judge relied on the third basis for finding harmless error, which the Sixth Circuit explained in more detail in *Hall v. Comm'r of Soc. Sec.*, 148 F. App'x 456 (6th Cir. 2005). There, the court noted that "when remand would be an idle and useless formality, courts are not required to convert judicial review of agency action into a ping-pong game." *Id.* at 464 (internal quotation marks omitted). *Hall* explained that an ALJ can meet the goals of Section 1527(d)(2) (now Section 1527(c)(2)) by thoroughly analyzing the ailment addressed by the doctor's opinion. *Id.* at 465. Such an analysis could indirectly attack the supportability or the consistency of the doctor's opinion with the record as a whole. *Id.* at 464. Implementing this indirect attack analysis, the court in *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470 (6th Cir. 2006) (per curiam) found an ALJ's failure to specify what weight he gave claimant's treating sources' opinions to be harmless error. *Nelson* held the ALJ's evaluation of claimant's mental impairments indirectly attacked the supportability and consistency of the treating sources' opinions on the same subject matter:

> We find that the ALJ's analysis of Nelson's mental problems adequately addressed [the treating sources'] opinions by indirectly attacking both the consistency of those opinions with the other record evidence and their supportability. The ALJ implicitly provided sufficient reasons for not giving those opinions controlling weight, and indeed for giving them little or no weight overall. The ALJ thus met the goal of § 1527(d)(2)—the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation.

*Id.* at 472 (internal citation and quotation marks omitted).

Here, the ALJ specified the weight she gave to the Zepf Center records, but did not specify that she considered the Mental Health Questionnaire in the course of reaching her decision on the weight these records deserved. The ALJ's treatment of the Zepf Center records fulfills both goals.

6

Specifically, the ALJ explained she accorded the Zepf Center records only "some weight" because they were based on Claimant's "self report of her symptoms," which self assessments the ALJ generally found not credible (AR at 24). That analysis goes to the "supportability" of Dr. Haley's assessment. That the ALJ failed to expressly couch her analysis of the Zepf Center records in "supportability" terms does not detract from the clear import of the ALJ's discussion -- the ALJ discounted the Zepf Center records because they were based on the self-reporting of a patient with a tendency to exaggerate the "intensity, persistence, and limiting effects" of her mental health symptoms (*id.*). This Court owes that credibility finding deference. *See Gaffney v. Bowen*, 825 F.2d 98, 101 (6th Cir. 1987).

Likewise, the ALJ noted Plaintiff's treatment at the Zepf Center showed Plaintiff's mental state continued to improve even after Dr. Haley submitted the October 2009 Mental Health Questionnaire (AR at 23). The ALJ placed "great weight" on the findings of a State psychological consultant, Dr Meyer, who reviewed the very records that informed Dr. Haley's Medical Health Questionnaire. The ALJ noted Dr. Meyer had "specific[] train[ing] in the evaluation of the medical issues in disability claims" (*id.* at 24). Examining Zepf Center records through September 2009, that consultant concluded an earlier denial of disability status should be affirmed (*id.* at 372). Finally, the ALJ noted that Plaintiff quit her factory job not because of attendance issues, but because Plaintiff found the work environment too hot (*id.* at 22). This discussion provides Plaintiff with an explanation of the ALJ's assessment of whether the Zepf Center records' conclusions regarding Plaintiff's employability were "consistent . . . with the record as a whole." 20 C.F.R. § 404.1527(c)(4).

In short, the ALJ failed to specifically discuss a component of Dr. Haley's medical opinion, but otherwise analyzed Zepf Center records and explained her decision to accord the opinions

7

expressed in those records less than controlling weight. In affirming the Commissioner's decision, this Court need not point to substantial evidence in the record on which "the ALJ '*could*' have relied" in not assigning controlling weight to Dr. Haley's opinion regarding Plaintiff's employability. *See Wilson*, 378 F.3d at 546 (emphasis added). The ALJ herself identified such substantial evidence, actually relied on that evidence, and presented an explanation of her decision to discount the Zepf Center records that fulfills the goals advanced by the "good reasons" requirement. Assuming it was error for the ALJ to not specifically discuss Dr. Haley's Medical Health Questionnaire, that error was harmless.

Only Dr. Haley's opinion is the subject of a developed argument, based on the treating physician rule. In the same section of her Objection, Plaintiff argues in passing that Defendant "failed to properly credit" the opinion of Dr. Chahal. But Plaintiff does not respond to the R&R's observation that Dr. Chahal did not treat Plaintiff after the alleged disability onset date, and so is not a "treating physician" for purposes of the regulation (*see* Doc. 21 at 23 n.13). This Court adopts that now-unchallenged conclusion, and rejects this aspect of Plaintiff's treating physician rule argument.

## CONCLUSION

Plaintiff's Objection (Doc. 22) is rejected, and this Court adopts the R&R (Doc. 21). The claim for benefits is denied.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

March 13, 2014